## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORRIS WILLIAMSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-12-60-M |
| | ) |
| MYSTIC LAKE CASINO HOTEL, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Plaintiff, appearing *pro se* and *in forma pauperis*, filed this action which allegedly seeks relief for certain wrongs committed by defendant. Pursuant to the directives of 28 U.S.C. § 1915, the Court has reviewed the allegations of the Complaint. Of particular relevance is subpart (e)(2) of § 1915, which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> \*      \*      \*
> (B) the action or appeal –
>  (i) is frivolous or malicious;
>  (ii) fails to state a claim on which relief may be granted; or
>  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Further, the Court is mindful that *Haines v. Kerner*, 404 U.S. 519 (1972), requires a liberal construction of *pro se* complaints. However, the Court is not required to imagine or assume facts in order to permit a complaint to survive. *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

The Complaint states, in its entirety:

> Discrimination of my psyhical [sic] & spritual [sic] rights by theft and assult [sic] to hide the property of anothers persons, person . . . with intent to kill and or destroy, which I was bar-ed from with robbery; being striped of spirits.

Complaint [docket no. 1]. Applying the standards set forth above, the Court finds the Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), as it fails to state a claim for relief.

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this action is hereby DISMISSED.

**IT IS SO ORDERED this 25th day of January, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE